UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 28 2010 ★

BROOKLYN OFFICE

UNITED STATES OF AMERICA

– against –

NATALEE GORDON,

Defendant.

10-CR-105

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On March 30, 2010, Natalee Gordon pled guilty to a lesser-included offense of Count One of a two-count indictment, which charged that on January 15, 2010, she imported cocaine and hashish into the United States in violation of 21 U.S.C. §§ 952(a) and 960(a)(1).

Defendant was sentenced on October 21, 2010. The court finds the total offense level to be 17 and defendant's criminal history category to be Category I, yielding a guidelines range of imprisonment of between 24 and 30 months. The guidelines range of fine was from $5,000 to $1,000,000.

Defendant's proffer and cooperation were full and useful. It was conceded by the defendant and the government, and the court found, that all statutory requirements for the "safety valve" under 18 U.S.C. § 3553(f) had been met; the statutory minimum sentence did not apply. The counts not pleaded to were dismissed.

Defendant was sentenced to time served—the equivalent of a year and a day with time off for good behavior—and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any appreciable assets, and it is unlikely that she will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*. 18 U.S.C. § 3553(e).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1).

Importation of narcotics is a serious offense. Defendant grew up in conditions of poverty. Her parents, who never married, separated while she was an infant; they battled each

other for years over her custody, to defendant's detriment. She endured physical abuse at the hands of her mother and stepmother and, while she was 8 years old, an attempted sexual assault by her stepbrother. At the age of 15, She was taken out of school by her mother and thrown out of her home. She began working in bars and living on her own. At the age of 17, she entered into a physically and emotionally abusive relationship with a 66-year-old man who provided her no financial support. Defendant became pregnant as a result of this relationship and gave birth to a girl, who is now 8 years old. She has worked braiding hair in a beauty salon and has borrowed money to pay for cosmetology training. To support herself and her daughter and to pay off her debts, she has worked as a prostitute. Persons she borrowed money from, and could not repay, forced her into committing the offense for which she has pled guilty. While incarcerated and awaiting sentencing for this offense, she was diagnosed with a life-threatening disease.

A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). Defendant was forced into her repeated importations of narcotics by economic circumstances. She is needed at home to help educate and raise her daughter. Her own education and medical care would be best attended to outside incarceration.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in narcotics trafficking will result in serious consequences. Specific deterrence is achieved by the time defendant has already spent incarcerated and by the impact this conviction will have on her employability and on her ability to reenter the United States. It is unlikely that she will engage in further criminal activity in light of her remorse for her crime and her desire to advance her career and raise her daughter in a safe, stable home.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: October 22, 2010
Brooklyn, New York